### Edward Anderson v. Alexander O. Bradley et al.

1. Verdict—*For the Defendant by Direction of the Court.*—When the evidence tends to prove the issue it is error to take the case from the jury.

Memorandum.—Action for personal injuries. In the Superior Court

Anderson v. Bradley.

of Cook County; the Hon. John Barton Payne, Judge, presiding.  Verdict for defendants by direction of the court; appeal by plaintiff.  Heard in this court at the October term, 1894.  Reversed and remanded.  Opinion filed November 12, 1894.

## Statement of the Case.

Edward Anderson, the appellant, was crushed by a heavy case of plate glass tipped over upon him by the foreman of appellees.  He was directed by the foreman to stand in the position he occupied.  It was dangerous, and just before the accident occurred the foreman called all the force away excepting him.

Suit was brought in the court below to recover for the injuries.  At the close of appellant's testimony the court took the case from the jury and directed a verdict for appellees.

## Appellant's Brief, Ela, Grover & Graves, Attorneys.

The settled rule in this State is, that a court can rightfully withdraw a case from the jury and instruct them to find a verdict for the defendant only when there is no evidence of some or all the material facts constituting plaintiff's cause of action.

In Chicago W. Div. R. Co. v. Mills, 105 Ill. 63, the court say:

"Where there is evidence tending to prove a cause of action, it is an invasion of the province of the jury to instruct them that the plaintiff can not recover."

To the same effect see Frazer v. Howe, 106 Ill. 563; Penn. Co. v. Conlan, 101 Ill. 93; Hubner v. Feige, 90 Ill. 208.

## Appellees' Brief, Wolseley & Heath, Attorneys.

In support of the ruling of the lower court we need only cite two cases.  In L. E. & W. R. R. v. Middleton, 46 Ill. App. 223, the court says:

"If the facts concerning the employment, duties and associations of those claimed to be fellow-servants are undisputed, then the court should apply the law to the facts and

decide the question.    Where, however, there is a conflict of testimony as to such facts, it is the province of the jury to settle such conflict, determine the facts, and apply the law as given them by the court."

In Simmons v. Chicago & T. R. R. Co., 110 Ill. 346, the court says:

" There may be decisions to be found which hold that if there is any evidence, even a scintilla, tending to support the plaintiff 's case, it must be submitted to a jury.    But we think the more reasonable rule, which has now come to be established by the better authority, is, that when the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is so insufficient to support a verdict for the plaintiff that such verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant." ·

Mr. Justice Gary delivered the opinion of the Court.

This is an action for a personal injury sustained by the appellant in the course of his labor for the appellees.

We do not care to comment upon the facts.    The case must go back before another jury.    Whether the evidence will bring the case within the doctrine laid down in C. & A. R. R. v. May, 108 Ill. 299, and followed in many later cases, is a question for a jury.

The court erred in directing a verdict for the appellees, and the judgment is reversed and the cause remanded.